IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ASD SPECIALTY HEALTHCARE, INC. d/b/a )
ONCOLOGY SUPPLY, )
2801 Horace Shepard Drive )
Dothan, Alabama 36303, )
)
      Plaintiff, )
)
v. )  CIVIL ACTION NO.
)  1:06-cv-241-WHA
MONTGOMERY AND ASSOCIATES, M.D., )
P.A. (successor by name change to )
MONTGOMERY & WARMUTH, M.D., P.A.), )
300 Health Park Blvd., Suite 1006 )
St. Augustine, FL 32086, )
)
      Defendant. )

### FIRST AMENDED COMPLAINT

The Plaintiff, ASD Specialty Healthcare, Inc., ("ASD"), d/b/a Oncology Supply ("OSC"), by and through its counsel, hereby files this First Amended Complaint against the defendant, Montgomery and Associates, M.D., P.A., successor by name change to Montgomery & Warmuth, M.D., P.A. ("Montgomery"), and in support hereof avers as follows:

### THE PARTIES

1.   ASD Specialty Healthcare, Inc. is a California corporation with its principal place of business in Texas. ASD Specialty Healthcare, Inc. operates under various d/b/a's or trade names, including Oncology Supply, which maintains an office at 2801 Horace Shepard Drive, Dothan, Alabama.



1476282

2. Upon information and belief, Montgomery is a professional association organized and existing pursuant to the laws of the State of Florida, with a last-known address of 300 Health Park Boulevard, Suite 1006, St. Augustine, Florida 32086.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because (1) the Plaintiff is a citizen of the State of California, (b) the Defendant is a citizen of the State of Florida, and (c) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. The Defendant is subject to personal jurisdiction in this judicial district because, *inter alia*, the Defendant conducts business in this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, *inter alia*, a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in this judicial district.

## BACKGROUND

6. OSC is a supplier of medical and pharmaceutical products.

7. At all times relevant hereto, and as set forth more fully below, Montgomery (a) solicited business with, (b) negotiate with, (c) had products shipped by, (d) communicated with, (e) submitted documents to, and (f) contracted with OSC in Dothan, Alabama.

8. At various times and at Montgomery's request, OSC sold and delivered to Montgomery pharmaceutical and other products (the "Goods") on open account, and pursuant to written agreements (collectively, the "Agreements").

9. Despite demand, Montgomery failed to make payment for certain Goods that it purchased on credit.

10. As a result of Montgomery's defaults, all sums owed by Montgomery to OSC are immediately due and payable in full.

11. As of March 2, 2006, the total principal balance due to OSC from Montgomery exceeded $609,630.55.

## COUNT I
## BREACH OF CONTRACT
## OSC V. MONTGOMERY

12. OSC incorporates herein by this reference the allegations set forth in the foregoing paragraphs of this Complaint, as though they were set forth fully and at length.

13. OSC has complied with its contractual obligations by supplying the Goods to Montgomery, and invoicing Montgomery for payment.

14. Despite the fact that OSC sent invoices to Montgomery and demanded payment for the Goods supplied, Montgomery failed and refused, and continues to fail and refuse, to make payment to OSC, in accordance with its obligations under the Agreements or otherwise.

15. Accordingly, Montgomery has breached materially the terms of the contracts between it and OSC.

16. As a result of this material breach of contract by Montgomery, OSC has been damaged in an amount in excess of $609,630.55.

WHEREFORE, ASD d/b/a OSC respectfully requests the entry of a judgment in its favor and against Montgomery and Associates, M.D., P.A., successor by name change to Montgomery & Warmuth, M.D., P.A., in an amount in excess of $609,630.55, plus prejudgment and post judgment interest, at the contractual rate of eighteen percent (18%) per annum on each outstanding invoice, attorneys' fees and costs of collection, and other such and further relief as this Court deems just.

## COUNT II
## BREACH OF ACCOUNT STATED
## OSC V. MONTGOMERY

17.   OSC incorporates herein by this reference the allegations set forth in the foregoing paragraphs of this Complaint, as though they were set forth fully and at length.

18.   Beginning in 1999, OSC had an ongoing business relationship with Montgomery pursuant to which OSC sold Goods to Montgomery, and Montgomery paid for such Goods in accordance with the terms of various statements of account sent from OSC to Montgomery.

19.   OSC invoiced Montgomery in a timely fashion for the Goods detailed above, which Goods were shipped at Montgomery's request.

20.   Montgomery had an opportunity to review the relevant invoices and raise any objections regarding the accuracy of the information contained therein including, among other things, the amount stated as due.

21.   Montgomery has never objected to the amounts set forth in OSC's invoices.

22.   Despite repeated demand, Montgomery has failed to pay OSC the total amounts due as invoiced. A balance remains due.

23.   As a direct and proximate result of Montgomery's failure to pay its accounts as stated, OSC has been damaged in an amount in excess of $609,630.55.

WHEREFORE, ASD d/b/a OSC respectfully requests the entry of a judgment in its favor and against Montgomery and Associates, M.D., P.A., successor by name change to Montgomery & Warmuth, M.D., P.A., in an amount in excess of $609,630.55, plus prejudgment and post judgment interest, at the contractual rate of eighteen percent (18%) per annum on each outstanding invoice, attorneys' fees and costs of collection, and such other and further relief as this Court deems just.

## COUNT III
## CLAIM FOR OPEN BOOK ACCOUNT
## OSC V. MONTGOMERY

24. OSC incorporates herein by this reference the allegations set forth in the foregoing paragraphs of this Complaint, as though they were set forth fully and at length.

25. OSC has been shipping the Goods to Montgomery on an ongoing basis, and maintaining an open book account relating to those shipments.

26. OSC invoice Montgomery in a timely fashion for the Goods detailed above, which Goods were shipped at Montgomery's request.

27. Said invoices contain a description of the Goods, as well as the date of their sale and the relevant price.

28. Montgomery had an opportunity to review the relevant invoices and raise any objections regarding the accuracy of the information contained therein including, among other things, the amount stated as due.

29. Montgomery has never objected to the amounts set forth in OSC's invoices.

30. Despite repeated demand, Montgomery has failed to pay OSC the total amounts due as invoiced.

31. As a direct and proximate result of Montgomery's failure to pay for goods sold to it on an open book account, OSC has been damaged in an amount in excess of $609,630.55.

WHEREFORE, ASD d/b/a OSC respectfully requests the entry of a judgment in its favor and against Montgomery and Associates, M.D., P.A., successor by name change to Montgomery & Warmuth, M.D., P.A., in an amount in excess of $609,630.55, plus prejudgment and post judgment interest, at the contractual rate of eighteen percent (18%) per annum on each outstanding invoice, attorneys' fees and costs of collection, and such other and further relief as this Court deems just.

### COUNT IV
### UNJUST ENRICHMENT
### OSC V. MONTGOMERY

32. OSC incorporates herein by this reference the allegations set forth in the foregoing paragraphs of this Complaint, as though they were set forth fully and at length.

33. OSC conferred a benefit upon Montgomery, to which Montgomery was not entitled, by providing Montgomery with the Goods.

34. Despite repeated demand, Montgomery has refused to return the Goods and/or to pay for them.

35. By accepting delivery of the Goods supplied by OSC, retaining them, and not paying OSC for them, Montgomery has been unjustly enriched at OSC's expense, in an amount in excess of $609,630.55, thereby damaging OSC.

WHEREFORE, ASD, d/b/a OSC respectfully requests the entry of a judgment in its favor and against Montgomery and Associates, M.D., P.A., successor by name change to Montgomery & Warmuth, M.D., P.A., in an amount in excess of $609,630.55, plus prejudgment and post judgment interest, at the contractual rate of eighteen percent (18%) per annum on each outstanding invoice, attorneys' fees and costs of collection, and such other and further relief as this Court deems just.

Respectfully submitted,

_____
Reid S. Manley (MAN039)
Heath A. Fite (FIT011)

Attorneys for Plaintiff
ASD SPECIALTY HEALTHCARE, INC.

**OF COUNSEL:**
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203-5206
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing to the Charles L. Truncale.

_____
Heath A. Fite