IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC. d/b/a<br>ONCOLOGY SUPPLY COMPANY<br>2801 Horace Shepard Drive<br>Dothan, Alabama  36303,<br><br>     Plaintiff,<br>  v.<br><br>MONTGOMERY & ASSOCIATES, M.D., P.A.,<br>successor by name change to MONTGOMERY<br>& WARMUTH, M.D., P.A.<br>300 Health Park Blvd., Suite 1006<br>Saint Augustine, FL 32086<br><br>     Defendant. | CIVIL ACTION<br><br>NO.: 1:06-cv-241-WHA |

**THE PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS ADDRESSED
TO THE DEFENDANT**

TO: Montgomery & Associates, M.D., P.A.
   c/o Charles L. Truncale, Esquire
   Law Office of Charles L. Truncale, LLC
   1510 North Ponce de Leon Blvd. Suite B
   St. Augustine, FL 32084

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the plaintiff, by and through its undersigned attorneys, directs the following requests for admissions to the defendant Montgomery & Associates, M.D., P.A., successor by name change to Montgomery & Warmuth, M.D., P.A. (the "Respondent"). Pursuant to the Federal Rules of Civil Procedure, you are hereby notified to provide written answers under oath to the following Requests. Your answers must be filed within thirty (30) days after the service of these Requests upon you. Failure to file answers will result in each Request being admitted. Your answers shall admit or deny the matter or set forth in detail reasons why you cannot truthfully do so. A denial shall fairly meet the substance of the requested admission. If you must qualify an answer or deny only part of the matter of

PHIL1 681175-1

EXHIBIT "2"

which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder. <u>You may not give lack of information or knowledge as a reason for failure to admit or deny unless it is stated that reasonable inquiry has been made and that the information known to you or readily obtainable by you is not sufficient to enable you to admit or deny.</u>

## I. DEFINITIONS

As used in these Requests, the following terms shall have the meaning set forth below:

    A.    "Plaintiff" or "ASD" means the plaintiff, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company, and its predecessors-in-interest, and any officers, partners, agents, representatives and/or employees of any of them.

    B.    "Montgomery" shall mean Montgomery & Associates, M.D., P.A., successor by name change to Montgomery & Warmuth, M.D., P.A. and the shareholders, officers, directors, employees, agents, owners, managers, members, attorneys and/or representatives of either of them during the Relevant Period.

    C.    "You" or "your" means Montgomery and/or any other party responding to these Interrogatories.

    D.    "Defendant" shall mean Montgomery.

    E.    "The Action" shall mean the above-captioned action in which a complaint was filed against the Defendant.

    F.    "The Complaint" shall mean the Complaint filed on or about March 15, 2006, at the above-captioned docket number.

    G.    "The Answer" shall mean the answer and affirmative defenses to the Complaint, filed by the Defendant on or about April 10, 2006.

H. "The Interrogatories" shall mean the Plaintiff's First Set of Interrogatories addressed to the Defendant.

I. "The Admissions" shall mean the Plaintiff's First Set of Requests for Admissions Directed to the Defendant.

J. "Person" means any natural individual or any corporation, firm, partnership, proprietorship, association, joint venture, governmental entity or any business organization or any other entity.

K. "Document" means any kind of written or graphic material, however produced or reproduced, of any kind or description, whether sent or received or neither, which is in your possession, custody and/or control, including originals, non-identical copies, and drafts and both written sides of such material, including but not limited to any and all written, filmed, graphic and audio or visually recorded matter of every kind and description however produced or reproduced, whether draft or final, original or reproduction, whether performed or reproduced or on paper, cards, tapes, film, electronic facsimile, electronic mail, computer storage devices, or any other media, including but not limited to, papers, books, letters, writings, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletype messages, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, interoffice communications, interoffice communications, memoranda, notes, notations, records, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, conferences, meetings, affidavits, statements, CD ROM, floppy or hard disks, charts, graphs, specifications, drawings, blueprints, summaries, opinions, proposals, reports, studies, analyses, audits, evaluations, contracts, agreements, covenants, understandings, permits, licenses, journals, statistical records, ledgers,

books of account, bookkeeping entries, financial statements, tax returns, vouchers, checks, check stubs, invoices, receipts, desk calendars, appointment books, diaries, lists, tabulations, summaries, time sheets, logs, sound output, microfilms, microfiches, all records kept by electronic, photographic or mechanical means, tapes, computer tapes, tape recordings, computer printouts, input-output computer systems and all other informal or formal writing or tangible things on which any handwriting, typing, printing, sound signal impulse or symbol is recorded or reproduced and any and all amendments or supplements to any of the foregoing whether prepared by you or any other person, and all things similar to any of the foregoing documents. If a document is referred to, the reference shall include, but shall not be limited to, the original and each and every copy and draft thereof differing in any way from the original, if an original exists, or each and every copy and draft if no original exists.

    L.    "Concerning" means relating to, referring to, describing, evidencing, regarding or constituting.

    M.    "Communication(s)" means any manner of transmitting or receiving information, opinions or thoughts, whether orally, in writing or otherwise.

    N.    "All documents" means any and all documents as defined above that are known to you or that can be located or discovered by your reasonably diligent efforts.

## II.  RULES OF CONSTRUCTION

    A.    "All" and "each" shall be construed as both all and each.

    B.    The connective "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that otherwise might be construed to be outside of its scope.

    C.    The singular includes the plural and vice versa.

PHIL1 681175-1

## III. INSTRUCTIONS

a. Answer each Request separately and fully unless you object to it, in which case you should specifically state the reason for your objection.

b. To the extent you object in part to any Request, answer that part of the request in question to which no objection is asserted.

c. In answering these Requests, you should furnish all information available to you at the time of answering.

d. Unless otherwise stated, the relevant time period (the "Relevant Period") covering each Request is from January 1, 1999, to the current time.

e. Where precise or exact information, data or dates are not available or known, state approximate information data or dates and state that you have done so.

f. When identifying an individual, state his or her full name; current or last known address; current or last known employer; title or job designation; and an employer and title or job designation at the time of the events referred to in the interrogatory or your answer to it.

g. In addition, state the person whom the individual was representing or for whom the individual was acting, if any.

h. When identifying a business organization or governmental entity, state its name and address and the name and address of each of its agents who acted for it with respect to the matters relating to the Request in question and your relationship with it.

i. Whenever you answer a Request on information and/or belief, state the source of your information and/or the basis for your belief.

j. In each instance where you deny knowledge and/or information sufficient to answer any part of a Request, state the name and address of each person, if any, known or believed to have such knowledge and/or information.

## REQUEST FOR ADMISSION NO. 1

Admit that, beginning in 1999, Montgomery ordered and received from ASD medical and pharmaceutical products on an ongoing basis.

## REQUEST FOR ADMISSION NO. 2

Admit that Montgomery & Associates, M.D., P.A., is the successor-by-name-change to Montgomery & Warmuth, M.D., P.A.

## REQUEST FOR ADMISSION NO. 3

Admit that, as of March 2, 2006, the total principal balance due to ASD from Montgomery for goods shipped to or for the benefit of Montgomery was $609,630.55.

## REQUEST FOR ADMISSION NO. 4

Admit that ASD is entitled to charge interest at the contractual rate of eighteen percent (18%) per annum on each outstanding invoice unpaid by Montgomery.

## REQUEST FOR ADMISSION NO. 5

PHIL1 681175-1

Admit that attached as Exhibit "A" hereto is a true and correct itemization of all sums due and owing from Montgomery to ASD on account of goods shipped to or for the benefit of Montgomery, and an accurate list of outstanding invoices addressed to Montgomery.

## REQUEST FOR ADMISSION NO. 6

Admit that attached hereto as Exhibit "B" is a true and correct copy of a credit application executed by Montgomery.

## REQUEST FOR ADMISSION NO. 7

Admit that Montgomery has not paid any of the invoices listed on Exhibit "A."

## REQUEST FOR ADMISSION NO. 8

Admit that no other person has paid any of the invoices listed on Exhibit "A."

## REQUEST FOR ADMISSION NO. 9

Admit that ASD invoiced Montgomery for medical and pharmaceutical supplies.

## REQUEST FOR ADMISSION NO. 10

Admit that Montgomery has never objected to the amounts set forth in any of ASD's invoices.

### REQUEST FOR ADMISSION NO. 11

Admit that at all times relevant hereto, and as set forth more fully below, Montgomery solicited business with ASD in Dothan, Alabama.

### REQUEST FOR ADMISSION NO. 12

Admit that at all times relevant hereto, and as set forth more fully below, Montgomery negotiated with ASD in Dothan, Alabama.

### REQUEST FOR ADMISSION NO. 13

Admit that at all times relevant hereto, and as set forth more fully below, Montgomery had products shipped by ASD in Dothan, Alabama.

### REQUEST FOR ADMISSION NO. 14

Admit that at all times relevant hereto, and as set forth more fully below, Montgomery communicated with ASD in Dothan, Alabama.

### REQUEST FOR ADMISSION NO. 15

Admit that at all times relevant hereto, and as set forth more fully below, Montgomery submitted documents to ASD in Dothan, Alabama.

### REQUEST FOR ADMISSION NO. 16

Admit that at all times relevant hereto, and as set forth more fully below, Montgomery contracted with ASD in Dothan, Alabama.

### REQUEST FOR ADMISSION NO. 17

Admit that at various times and at Montgomery's request, ASD sold and delivered to Montgomery pharmaceutical and other products (the "Goods") on open account, and pursuant to written agreements (collectively, the "Agreements").

### REQUEST FOR ADMISSION NO. 18

Admit that despite demand, Montgomery failed to make payment for certain Goods that it purchased on credit.

### REQUEST FOR ADMISSION NO. 19

Admit that ASD has complied with its contractual obligations by supplying the Goods to Montgomery, and invoicing Montgomery for payment.

### REQUEST FOR ADMISSION NO. 20

Admit that despite the fact that Montgomery has not made payment to ASD in accordance with Montgomery's obligations under the Agreements or otherwise.

### REQUEST FOR ADMISSION NO. 21

PHIL1 681175-1

Admit that beginning in 1999, ASD had an ongoing business relationship with Montgomery pursuant to which ASD sold Goods to Montgomery, and Montgomery paid for such Goods in accordance with the terms of various statements of account sent from ASD to Montgomery.

### REQUEST FOR ADMISSION NO. 22

Admit that ASD invoiced Montgomery in a timely fashion for the Goods.

### REQUEST FOR ADMISSION NO. 23

Admit that the invoices sent to Montgomery by ASD contain a description of the Goods, as well as the date of their sale and the relevant price.

### REQUEST FOR ADMISSION NO. 24

Admit that Montgomery had an opportunity to review the relevant invoices and raise any objections regarding the accuracy of the information contained therein including, among other things, the amount stated as due.

PHIL1 681175-1

Dated: June 19, 2006
By: _____
Heath A. Fite (FIT011)

Attorney for Plaintiff

**Of Counsel:**

**BURR & FORMAN LLP**
Heath A. Fite, Esquire
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Phone: 205-251-3000
Fax: 205-458-5100

PHIL1 681175-1

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2006, I caused a true and correct copy of Plaintiff's First Set Of Requests For Admissions Addressed To The Defendants, to be served on the following by United States first-class mail, postage prepaid:

> Charles L. Truncale, Esquire
> Law Office of Charles L. Truncale, LLC
> 1510 North Ponce de Leon Blvd. Suite B
> St. Augustine, FL 32084

_Heather_ (signature)
Of Counsel

**Exhibit "A"**

Case 1:06-cv-00241-WHA-SRW    Document 15-3    Filed 10/04/2006    Page 13 of 19



**www.oncologysupply.com**

# STATEMENT

| Customer No.: | 000030351 |
|---|---|
| Page: | 1 |
| Date: | 03-02-2006 |
| Business Partner Type: | |
| Line of Business: | |

**Remit To:**
Oncology Supply
Attn.: Accounting
P. O. Box 676554
Dallas, TX 75267-6554
(888) 877-8430 (Phone)
(334) 984-2448 (Fax)

**Invoice To:**
MONTGOMERY & ASSOC, PA
MONTGOMERY, DANIELLE J MD
300 HEALTH PARK BLVD STE 1006
SAINT AUGUSTINE, FL   32086

**Ship To:**
MONTGOMERY & ASSOC, PA
MONTGOMERY, DANIELLE J MD
300 HEALTH PARK BLVD STE 1006
SAINT AUGUSTINE, FL   32086

| Document No. | Invoice Date | Reference/ PO Number | Due Date | Invoice Amount | | Last Receipt | Amount Rcvd. | Invoice Balance |
|---|---|---|---|---|---|---|---|---|
| 130 11019081 | 07-07-05 | | 09-21-05 | USD | 38,182.14 | | 0.00 | 38,182.14 |
| 130 11021680 | 07-11-05 | | 09-25-05 | USD | 29,450.19 | | 0.00 | 29,450.19 |
| 130 11023698 | 07-12-05 | | 09-26-05 | USD | 12,726.53 | | 0.00 | 12,726.53 |
| 130 11026646 | 07-14-05 | | 09-28-05 | USD | 16,599.82 | | 0.00 | 16,599.82 |
| 130 11032427 | 07-20-05 | | 10-04-05 | USD | 18,565.28 | | 0.00 | 18,565.28 |
| 130 11033957 | 07-21-05 | | 10-05-05 | USD | 31,754.47 | | 0.00 | 31,754.47 |
| 130 11036715 | 07-25-05 | | 10-09-05 | USD | 32,044.75 | | 0.00 | 32,044.75 |
| 130 11039695 | 07-27-05 | | 10-11-05 | USD | 16,933.15 | | 0.00 | 16,933.15 |
| 130 11041181 | 07-28-05 | | 10-12-05 | USD | 4,914.76 | | 0.00 | 4,914.76 |
| 130 11044000 | 08-01-05 | | 10-16-05 | USD | 23,338.77 | | 0.00 | 23,338.77 |
| 130 11045591 | 08-02-05 | | 10-17-05 | USD | 17,754.42 | | 0.00 | 17,754.42 |
| 130 11045592 | 08-02-05 | | 10-17-05 | USD | 183.99 | | 0.00 | 183.99 |
| 130 11047079 | 08-03-05 | | 10-18-05 | USD | 17,529.98 | | 0.00 | 17,529.98 |
| 130 11048694 | 08-04-05 | | 10-19-05 | USD | 24,208.94 | | 0.00 | 24,208.94 |
| 130 11051647 | 08-08-05 | | 10-23-05 | USD | 34,340.26 | | 0.00 | 34,340.26 |
| 130 11053135 | 08-09-05 | | 10-24-05 | USD | 7,555.08 | | 0.00 | 7,555.08 |
| 130 11054100 | 08-10-05 | RB 10920995 | 10-25-05 | USD | 590.97 | 11-17-05 | 572.99- | 17.98 |
| 130 11054593 | 08-10-05 | | 10-25-05 | USD | 14,461.94 | | 0.00 | 14,461.94 |
| 130 11056034 | 08-11-05 | | 10-26-05 | USD | 11,350.45 | | 0.00 | 11,350.45 |
| 130 11058965 | 08-15-05 | | 10-30-05 | USD | 27,364.05 | | 0.00 | 27,364.05 |
| 130 11060645 | 08-16-05 | | 10-31-05 | USD | 7,212.70 | | 0.00 | 7,212.70 |
| 130 11062141 | 08-17-05 | | 11-01-05 | USD | 5,763.14 | | 0.00 | 5,763.14 |
| 130 11063659 | 08-18-05 | | 11-02-05 | USD | 21,281.74 | | 0.00 | 21,281.74 |
| 130 11065037 | 08-19-05 | | 11-03-05 | USD | 21,838.84 | | 0.00 | 21,838.84 |
| 130 11066514 | 08-22-05 | | 11-06-05 | USD | 12,817.84 | | 0.00 | 12,817.84 |
| 130 11068013 | 08-23-05 | | 11-07-05 | USD | 10,251.98 | | 0.00 | 10,251.98 |
| 130 11069490 | 08-24-05 | | 11-08-05 | USD | 6,550.20 | | 0.00 | 6,550.20 |
| 130 11070980 | 08-25-05 | | 11-09-05 | USD | 11,717.70 | | 0.00 | 11,717.70 |
| 130 11073550 | 08-29-05 | | 11-13-05 | USD | 19,478.77 | | 0.00 | 19,478.77 |

**AGING ANALYSIS IN DAYS**                                **TOTAL DUE⇒**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

*A Subsidiary of Bergen Brunswig Corporation*



**ONCOLOGY SUPPLY**
Put Us Into Practice

www.oncologysupply.com

**STATEMENT**

Customer No.:
Page: 2
Date: 03-02-2006
Business Partner Type:
Line of Business:

Customer No.: 000030351

Remit To:
**Oncology Supply**
Attn.: Accounting
P. O. Box 676554
Dallas, TX  75267-6554
(888) 877-8430 (Phone)
(334) 984-2448 (Fax)

**Invoice To:**

MONTGOMERY & ASSOC, PA
MONTGOMERY, DANIELLE J MD
300 HEALTH PARK BLVD STE 1006
SAINT AUGUSTINE, FL  32086

**Ship To:**

MONTGOMERY & ASSOC, PA
MONTGOMERY, DANIELLE J MD
300 HEALTH PARK BLVD STE 1006
SAINT AUGUSTINE, FL  32086

| Document No. | Invoice Date | Reference/ PO Number | Due Date | Invoice Amount | | Last Receipt | Amount Rcvd. | Invoice Balance |
|---|---|---|---|---|---|---|---|---|
| 130 11075371 | 08-30-05 | | 11-14-05 | USD | 3,304.94 | | 0.00 | 3,304.94 |
| 130 11078648 | 09-01-05 | | 11-16-05 | USD | 28,089.35 | | 0.00 | 28,089.35 |
| 130 11081239 | 09-06-05 | | 11-21-05 | USD | 76.29 | | 0.00 | 76.29 |
| 130 11081240 | 09-06-05 | | 11-21-05 | USD | 20,065.87 | | 0.00 | 20,065.87 |
| 130 11084806 | 09-08-05 | | 11-23-05 | USD | 28,048.83 | | 0.00 | 28,048.83 |
| 130 11089343 | 09-13-05 | | 11-28-05 | USD | 11,082.53 | | 0.00 | 11,082.53 |
| 130 11090829 | 09-14-05 | | 11-29-05 | USD | 8,137.17 | | 0.00 | 8,137.17 |
| 130 11093387 | 09-16-05 | | 12-01-05 | USD | 14,766.10 | | 0.00 | 14,766.10 |
| CS3 10217724 | 12-01-05 | | 12-01-05 | USD | -234.37 | 12-01-05 | 103.98 | 130.39- |

609,630.55

**AGING ANALYSIS IN DAYS**    **TOTAL DUE⇒**

| Current | 1-30 Days | 31-60 Days | 61-90 Days | 91-120 Days | Over 120 Days |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 217,377.76 | 392,252.79 |

000030351

*A Subsidiary of Bergen Brunswig Corporation*

**Exhibit "B"**

```
OCT. -28' 99(THU) 14:43     MONTGOMERY&WARMUTH, M.D.          TEL:904 824 5797          P. 002
OCT-22-99  08:37   From-ONCOLOGY SUPPLY              +18007884866        T-12I  P 02/04  F-894
```

# ONCOLOGY SUPPLY

P.O. BOX 2001 • DOTHAN, AL 36302
Tel: (800) 633-7555 • Fax: (800) 248-8205

## APPLICATION FOR NEW ACCOUNT

The following is an application for credit with ONCOLOGY SUPPLY COMPANY. Also known as creditor within the general provisions of this application.

### 1. Company Information

| Tax ID Number | Firm or Corp. Name |
|---|---|
| [redacted] | Montgomery & Warmuth, M.D. P.A. |

**Street Address:** 300 Health Park Blvd. #1006

| P.O. Box | City | County | State | Zip |
|---|---|---|---|---|
| | St. Augustine | St. Johns | FL | 32086 |

| Telephone Number | Fax Number | Year Established | Is business incorporated? Yes ☐ No ☐ If so, under laws of what state? |
|---|---|---|---|
| 904-829-0443 | [redacted] | 1998 | |

**Billing Address (if different from above):**

| City | State | Zip | Phone No | Fax No. |
|---|---|---|---|---|
| | same | | | |

| Parent Company | | Street Address | | |
|---|---|---|---|---|
| | | | | |

| P.O. Box | City | | State | Zip |
|---|---|---|---|---|
| | | | | |

**Full Names of Officers, Partners and/or Proprietors:** | **Title**
Daniele J. Montgomery, M.D. | President

| Please indicate the estimated monthly purchases from Oncology Supply Company (This will help us to determine the credit amount). | Does your firm use purchase order numbers? | Yes ☐ No ☒ |
|---|---|---|
| Monthly Amount: $125,000 | Is your business a member of a GPO? | Yes ☐ No ☒ |
| Payment terms: 60 Days | If so, which GPO? | |

### 2. Bank References

| Bank Name | Account # | Contact |
|---|---|---|
| SunTrust | [redacted] | Jim Wheeler |

| Address | City | State | Zip | Phone |
|---|---|---|---|---|
| 1850 US 1 South | St. Augustine | FL | 32086 | [redacted] |

### 3. Credit References

| Company Name | Contact |
|---|---|
| Prosperity Bank | Lon Kellerman |

| Address | City | State | Zip | Phone |
|---|---|---|---|---|
| PO Drawer 1600 | St. Augustine | FL | 32085 | 904-824-9111 |

| Company Name | Contact |
|---|---|
| Bergen Brunswig | Mark Weeks |

| Address | City | State | Zip | Phone |
|---|---|---|---|---|
| PO Box 15136 | Tampa | FL | 33684 | [redacted] |

**State license required for all accounts.     DEA permit required for purchasing controlled items**

Please be advised, Ship to address must match address on your DEA certificate for receipt of controlled products

## Contract Information

If you have signed a contract with one of the following groups, it is important that we have your contract as soon as possible so we may be sure and have the correct pricing in our system for your account. Please contact your representative at the number listed below and request that your contract be forwarded to Oncology Supply Company.

If you have one of the following contracts, please indicate in the boxes below.

| | | | |
|---|---|---|---|
| ☐ | Amgen | Contact Alison Windrum | 1-800-926-4389 ext. 74494 |
| ☐ | Glaxo | Contact your representative or | 1-800-445-2964 |
| ☐ | Immunex | Contact Lisa Addicott | 1-800-466-8639 |
| ☐ | SKB | Contact your representative | |
| ☐ | Other: | Please list the contract(s) below and call your representative: | |

## Best Practices
### Certification and Representation Agreement

In order for Oncology Supply Company (OSC) to accept the return of prescription drug products ("products"), the undersigned ("customer") does hereby and will, for the term of this agreement, continue to represent, warrant, agree and covenant to OSC, with respect to all products to be returned to OSC for credit on and after the date of this certification and representation agreement, that:

1. All products were purchased from OSC by customer;
2. The credit amount claimed by customer and indicated on the credit memorandum and/or is no greater than the actual net acquisition price paid by the customer for each product;
3. Customer shall file any report which must be provided to the product manufacturer, notifying such manufacturer of the product to OSC; and
4. Until products are received by OSC, all products have been properly stored, handled, and shipped.

Customer will immediately institute a system to assure that all products returned to OSC comply with the four representations and covenants set forth above and customer will, from time to time, audit and review such system to verify that all products returned to OSC comply with the four representations and covenants set forth above.

No modification or termination of this certification and representation agreement, or any part thereof, shall be valid or effective unless agreed to and accepted in writing and signed by an officer of OSC.

Customer: Montgomery & Warmuth, M.D. P.A.
Date: 10/27/99
By: Nancy Hollingsworth
Title: Office Manager

OCT.-28'99(THU) 14:44    MONTGOMERY&WARMUTH, M.D.    TEL:904 824 5797    P. 004
Oct-28-99 08:38    From-ONCOLOGY SUPPLY    +18007894886    T-121  P 04/04  F-984

## Terms and Policies

## Please review, sign, and return the acknowledgment pages along with this application.

This application and the information contained herein is a request for the extension of credit for commercial business use only and applicant certifies that the firm he represents is doing business as a : (please check one)
Corporation ☑, Partnership ☐ or Sole Proprietorship ☐.

The applicant authorizes the above named creditor to obtain written or oral credit reports from any credit reporting agency. The applicant further authorizes any bank or commercial business with whom the applicant is doing or has done any business with to give any and all necessary information to the creditor which will assist creditor in the credit investigation. The applicant further authorizes the creditor to reinvestigate the applicants' credit status from time to time as the creditor deems necessary and should creditor upon such reinvestigation deem it necessary to limit or terminate the credit arrangement with applicant, said applicant shall be notified in writing as to any adverse action. Upon approval of this application for credit, said applicant will be notified in writing along with the creditor's terms of sale and should applicant at some future time deviate from the creditor's terms of sale, said creditor reserves the right to terminate future extension of credit with applicant.

### Important

If credit is extended, I (we) agree to pay Creditor all debts incurred within creditor's terms of sale.
I (we) expressly waive all right of exemption under the constitution and laws of the State of Alabama and any other state, as to personal property and I (we) agree to pay all costs of collection or attempting to collect or secure any and all debts which I (we) now owe or which I (we) may in the future owe creditors for goods sold to me (us) or for services rendered including a reasonable
attorney's fee on the unpaid debt so long as any of said indebtedness is due and unpaid, and I consent and agree to the jurisdiction of the laws of the State of Alabama governing the collection of any and all debts. I also agree to pay a FINANCE CHARGE OF 1.5 PERCENT PER MONTH(ANNUAL PERCENTAGE OF 18%) on any unpaid past due balance. Creditor is hereby authorized to deliver goods or perform services for the following at my (our) request and charge same to my (our) account and this shall continue until written notice to the contrary is given and accepted which acceptance shall be evidenced by signature of creditor

Applicant's Signature _Nancy Hollingsworth_    Title: _Office Manager_
Applicant's Signature. _____    Title: _____
Witness my (our) hand(s) this the _27_ day of _October_
Witness: _Anna Harvey_    Date. _10/27/99_

Please forward a copy of your current physicians license and your current DEA registration. Failure to do so will delay shipping of any pending orders. Copies may be faxed.

This is a federal requirement.
State Physicians' License #: ▓▓▓▓▓▓    Exp. Date: 1/31/2000
DEA Form #: ▓▓▓▓▓▓    Exp. Date: 1/31/2000

Please note that we now offer electronic fund transfers with a 1% discount off your total order at the time of purchase. See attached sheet for further information.
Also, if you choose to use our e.f.t. system or pay by credit card, the name Bergen Brunswig will appear on your statement.
All of the above information is for file purposes only and will be held in strictest confidence.