IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ASD SPECIALTY HEALTHCARE INC., d/b/a ONCOLOGY SUPPLY | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:06cv241-WHA |
| MONTGOMERY AND ASSOCIATES, M.D., P.A., successor by name change to MONTGOMERY & WARMUTH, M.D., P.A., | ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER

This case is before the court on a Motion for Summary Judgment (Doc. #14) filed by the Plaintiff, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply, on October 4, 2006.

The Plaintiff originally filed a Complaint in this case on March 15, 2006. The Plaintiff later filed a First Amended Complaint on June 22, 2006, bringing claims against the Defendant, Montgomery and Associates, M.D., P.A., successor by name change to Montgomery & Warmuth, M.D., P.A., for (1) breach of contract, (2) breach of account stated, (3) open book account and (4) unjust enrichment. Relying on the Defendant's responses to the Plaintiff's Request for Admissions, the Plaintiff filed a Motion for Summary Judgment as to all of the claims asserted.

On October 5, 2006, this court entered an Order giving the Defendant until October 26, 2006 to respond to the Plaintiff's Motion for Summary Judgment. On October 26, 2006, the Defendant filed a Response to Plaintiff's Motion for Summary Judgment, stating that "[the] Defendant does not object to the Plaintiff's Motion for Summary Judgment."

A district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion. *U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials and must review all of the evidentiary materials submitted in support of the motion for summary judgment. *Id.* at 1101-02. Accordingly, the court will review the evidentiary materials presented by the Plaintiff in accordance with Rule 56 of the Federal Rules of Civil Procedure.

Under Rule 56, the party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

In the instant case, the Plaintiff has met this burden. The Plaintiff has articulated several bases for granting summary judgment on its claims and has supported its motion with the Defendant's responses to the Plaintiff's Requests for Admission.

Once the moving party has met its burden, Rule 56(e) of the Federal Rules of Civil Procedure "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. "When a motion

for summary judgment is made and supported as provided [in Rule 56], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided [in Rule 56], must set forth specific facts showing that there is a genuine issue of trial.  Fed. R. Civ. Pro. 56(e).

By failing to file any affirmative response to the Plaintiff's Motion for Summary Judgment, other than simply indicating a lack of opposition to the Motion, the Defendant has failed to meet its burden under Rule 56.   Further, the court has reviewed the evidentiary materials submitted by the Plaintiff and finds no question of fact as to any material issue.

Accordingly, upon consideration of the Motion for Summary Judgment filed by the Plaintiff, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply (Doc. #14), all papers filed in support thereof and in opposition thereto, and, particularly, Defendant's Response to Plaintiff's Motion for Summary Judgment (Doc. #17), in which Defendant conceded that it had no objection to the Motion, it is hereby ORDERED that:

1. The Plaintiff's Motion for Summary Judgment (Doc. #14) is GRANTED in its entirety.

2. Judgment is hereby ENTERED in favor of the Plaintiff, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply, and against the Defendant, Montgomery & Associates, M.D., P.A., successor by name change to Montgomery & Warmuth, M.D., P.A., on all Counts of the First Amended Complaint in the amount of $609,630.55, plus prejudgment interest at the contractual rate of eighteen per cent (18%) per annum from and after December 1, 2005 through November 2, 2006, in the amount of $101,315.68, (at the per diem rate of $300.64), for a total judgment as of November 2, 2006 in the amount of $710,946.23, plus interest from and after November 2,

2006 until payment of the judgment in full, at a contractual rate of eighteen percent (18%) per annum.

      3.  The plaintiff is also awarded, in accordance with the parties' agreement, its attorney's fees and costs and is directed to submit by November 16, 2006, a certification of its fees for inclusion in the judgment.

Done this 2nd day of November, 2006.

                                      /s/ W. Harold Albritton
                                      W.  HAROLD ALBRITTON
                                      SENIOR UNITED STATES DISTRICT JUDGE